**UNITED STATES of America,**

v.

**Eric Walter ELIASSON, Defendant.**

United States District Court
S. D. New York.
Feb. 2, 1959.

Arthur H. Christy, U. S. Atty., S. D. New York, New York City, Album C. Martin, Asst. U. S. Atty., New York City, of counsel.

Hayden C. Covington, Brooklyn, N. Y., for defendant.

DAWSON, District Judge.

This is a motion by the defendant for an order directing the United States Attorney to produce for examination, inspection and copying the reports of a certain agent, or agents, of the Federal Bureau of Investigation, which were used by the Hearing Officer and an Assistant Attorney General in their investigation and determination of the claim for deferment of the defendant under the Universal Military Training and Service Act, and for an order directing the United States Attorney, or the Department of Justice, or the Hearing Officer to produce for examination, inspection and copying the longhand notes or any typewritten minutes or stenographic minutes of the hearing conducted by the Hearing Officer which were used in the investigation and determination of the claim for deferment of the defendant. The latter part of the motion for production of the longhand notes or the typewritten minutes of the hearing was withdrawn by the attorney for the defendant at the oral argument. This leaves, therefore, the question of whether the Government should be directed to produce the F.B.I. reports used by the Hearing Officer in his investigation and determination of the claim for deferment of the defendant.

The defendant has been charged in a one-count information with failure to submit for induction into the Armed Forces of the United States in violation of the Universal Military Training and Service Act, Title 50 U.S.C.A.Appendix, § 462. Defendant claims to be a conscientious objector. His claim was denied by his Local Board.

Under the Selective Service Act of 1948, a person whose claim for exemption as a conscientious objector has been rejected by his Local Draft Board may appeal to an Appeal Board, which is required to refer the claim to the Department of Justice for its recommendation, which the Appeal Board is required to consider but is not bound to follow. Before making any recommendation the Department of Justice is required to make appropriate inquiry and to hold a hearing. At the hearing the appellant is allowed to appear in person. Upon request he is entitled to be instructed as to the general nature and character of any unfavorable evidence developed by the investigation but he is not permitted to see the investigator's reports nor be informed of the names of the persons interviewed by the investigator. See United States v. Nugent, 1953, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417. The United States Supreme Court has held that this procedure is consonant with the constitutional provisions of the Fifth Amendment. The Court stated:

"* * * We think the Department of Justice satisfies its duties under § 6(j) when it accords a fair opportunity to the registrant to speak his piece before an impartial hearing officer; when it permits him to produce all relevant evidence in his own behalf and at the same time supplies him with a fair resume of any adverse evidence in the investigator's report." United States v. Nugent, 346 U.S. at page 6, 73 S. Ct. at page 994.

Since the time of the Nugent decision the Department of Justice appar-

ently furnishes a resume of the investigator's report to the person under investigation; and such resume was provided in this case. The furnishing of such a resume is not a matter of grace but has been held by the Supreme Court to be "an essential element in the processing of conscientious objector claims." United States v. Simmons, 1955, 348 U. S. 397, 403, 75 S.Ct. 397, 401, 99 L.Ed. 453.

It was held in United States v. Nugent, supra, that defendant was not entitled to see the report of the F.B.I. nor to be informed of the names of persons interviewed by F.B.I. investigators, but that he was to receive a resume. It was held in United States v. Simmons, supra, that if the Department of Justice had failed to provide the petitioner with a fair resume of the F.B.I. report the hearing would have been lacking in "basic fairness" and a conviction resulting therefrom would be reversed.

It cannot be gainsaid that the Government's position that defendant is not entitled to the F.B.I. reports has been the position taken by a number of courts which have considered the matter. It derives support from United States v. Nugent, supra; it was so held in Bouziden v. United States, 10 Cir., 1958, 251 F.2d 728 and Blalock v. United States, 4 Cir., 1957, 247 F.2d 615.

However, if the failure to furnish a fair resume of the investigation is sufficient ground for upsetting a conviction, as was indicated by the Supreme Court in United States v. Simmons, supra, then certainly the defendant herein should have an opportunity of ascertaining whether the resume presented to the Hearing Officer was a fair resume of the investigation reports of the F.B.I. In the present case the defendant urges that he intends to contend that the resume presented to the Hearing Officer was not a fair resume of the investigation reports of the F.B.I. If he cannot see copies of the reports how can he effectively make that argument?

While, of course, it is undesirable that F.B.I. reports be made available to defendants in criminal cases under ordinary circumstances, yet there are certain situations where justice requires that such disclosure be made. See Jencks v. United States, 1957, 353 U.S. 657, 77 S. Ct. 1007, 1 L.Ed.2d 1103. In the present situation it would appear that it would be impossible to afford defendant the defense to which he would be entitled under United States v. Simmons, supra (if such defense does exist) unless defendant had an opportunity to compare the resume which he already has with the F. B.I. reports which he is trying to get.

So much of the motion as seeks an order directing the United States Attorney to produce for examination, inspection and copying the reports of the agents of the F.B.I. is granted. However, the names and addresses of any informants which may appear in the reports may be eliminated from the reports before they are produced for inspection by the defendant.

The defendant has also served a subpoena for the production of these reports, and the Government has made a motion to quash the subpoena. In view of the determination of the instant motion it becomes unnecessary to pass upon the motion to quash the subpoena.